UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ANN WALLIS FRANKLIN, ET AL.,
    Plaintiffs

    v.

NEWTON WELLESLEY HOSPITAL, ET AL.,
    Defendants.

CIVIL ACTION NO.
12- 11919 -WGY

MEMORANDUM AND ORDER

YOUNG, D.J.

BACKGROUND

On October 16, 2012, Plaintiffs Ann Wallis Franklin, Esq. ("Ann"), and her twin sister Elizabeth Paine Franklin ("Elizabeth"), both residents of Chestnut Hill, Massachusetts, filed a package of materials purporting to remove a civil action pending in the Suffolk County Superior Court. The various documents constituting the Notice of Removal (Docket No. 1) are not entirely coherent. One document is entitled "Motion to Remove to Federal Court on Grounds of Federal Statute." That document also states "Emergency Medical–Allergens in nose–deadly" and "Harrassment [sic] of a Massachusetts Attorney [/] Federal Statute [/] $10,000 fine [/] 10 yrs in jail." Motion (Docket No. 1 at 1) (brackets added). Also included in the removal package is a letter dated August 15, 2012 directed to (presumably) to the state court Clerk in which Ann states she was enclosing an Amended Complaint. The rest of the letter is virtually unintelligible. From what can be discerned, Ann first complains that there was a mis-diagnosis of "psychosomatic tooth pain." Apparently, this alleged mis-diagnosis prevented Ann from receiving medical or dental insurance care coverage, resulting in the loss of 11 teeth. Second, Ann asserts a claim of medical malpractice in connection with treatment for cancer of the nose and upper jaw, and for sinus pain. Third, Ann complains that she was hit by a car door, and was

disfigured by the use of metals to which she is allergic. Id. at 2. The letter request a "remand" to Federal Court. Id.

Next, enclosed in the removal package was a copy of the Amended Complaint presumably filed in the Suffolk Superior Court. See Docket No. 1 at 3. The document also indicates it is a federal court remand, and that the action was both civil and criminal, based on the harassment of a Massachusetts Attorney. Attached was a list of Defendants, which included the Newton Wellesley Hospital, Dr. William Flynn, Dr. Bruce Suzuki, Dr. Doug Ross, Valet Department of Newton Wellesley Hospital, Dr. Paul VonRyll Gryska, Dr. Robin Mayfield, Robert Kieff of the Department of Plastic Surgery of the Massachusetts Eye and Ear Infirmary, Stanton Medical Group at St. Elizabeth's Hospital, Norwood Urgent Care, Dr. Anthony Wiekel, Dr. Fred Hochberg, Tom Cottle, PhD, Dr. Renee O'Sullivan, and Dr. James Kligenstein. Along with the Amended Complaint are copies of photographs of Ann over the years, depicting various stages of recovery from surgeries. Also included is Ann's resume.

The Amended Complaint is written in a stream-of-consciousness format, with non-sequiturs and immaterial statements. It does, however, shed some further light on the allegations in the August letter to the state court Clerk. From what can be gleaned, the pleading includes allegations that in October, 2011, Ann was a passenger in a car with her sister Elizabeth. They were rushing to Newton Wellesley Hospital for Elizabeth's pre-op testing prior to surgery for two malignant polyps. Elizabeth came to a stop in front of the hospital. Ann got out of the car but could not find her sister. She knelt down to see if her sister had passed out from pain (in fact, Elizabeth had dropped her pocketbook and was picking it up). The valet at the hospital held the car door open, and when Ann stood up, her head hit the car door. As a result, she nicked a blood vessel in her face. She went to Norwood Urgent Care for an X-ray, which showed that she had a fractured nose. She had surgery on her nose, but there were complications due to the

discovery of a cyst and tumor in her nose.  She consulted plastic surgeons and had three surgeries.  She continues to suffer pain and alleges that there are other surgeries scheduled in the hopes of resolving her medical problems.

The Amended Complaint also includes allegations concerning the problems Plaintiffs had with health care insurance coverage (MassHealth, Medicare, and Blue Cross/Blue Shield).

Finally, there is an allegation of abhorrent medical care by doctors in Boston, which prevented Elizabeth from passing the Bar exam and prevented Ann from completing her medical degree.  Plaintiffs seek $125 million in damages for disfigurement and pain over the course of 35 years due to medical malpractice, and "concealment and deceit with a criminal mind."  Id. at 5.

## DISCUSSION

I.   The Removal Fee

Plaintiffs failed to pay the $350.00 removal fee or to seek a waiver thereof.  Generally, this Court would afford litigants an opportunity to satisfy the fee requirements of this Court; however, because this action is being remanded for the reasons set forth below, no further opportunity is necessary.

II.   Screening of the Notice of Removal

Federal courts are of limited jurisdiction, "and the requirement of subject-matter jurisdiction 'functions as a restriction on federal power.'"  Fafel v. Dipaola, 399 F.3d 403, 410 (1st Cir. 2005) (quoting Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982)).  "The existence of subject-matter jurisdiction 'is never presumed.'"  Fafel, 399 F.3d at 410 (quoting Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998)).  A court has an obligation to inquire *sua sponte* into its own subject-matter jurisdiction.  See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

Further, under 28 U.S.C. § 1447(c), this Court may examine a Notice of Removal to determine if removal is proper. If it appears that the Court lacks subject-matter jurisdiction, the Court must issue an order for summary remand. Id. The removal statute must be strictly construed, and any doubts about the propriety of removal should be resolved against the removal of an action. In re Whatley, 396 F. Supp. 2d 50, 53 (D. Mass. 2005) citing Danca v. Private Health Care Sys., Inc., 185 F.3d 1, 4 (1st Cir.1999).

III.     Lack of Jurisdiction Over This Removed Action

Under 28 U.S.C. § 1441, only a defendant in a state court action may remove the action to federal court if the case is one over which the federal court has jurisdiction. See 28 U.S.C. § 1441(a). Plaintiffs (such as Ann and Elizabeth) do not have a right to remove a case from state to federal court. Here, based on the allegations contained in the Amended Complaint, it is clear that Ann and Elizabeth are plaintiffs in the state court action, and are not the defendants.[1] Therefore, there is no right of these Plaintiffs to remove the Suffolk Superior Court case to this Court.[2]

---

[1] As an additional matter, putting aside the problem that Ann and Elizabeth are not defendants, there is a requirement that any Notice of Removal must be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446. Based on the letter to the state Clerk dated August 15, 2012, it appears that any attempt at removal at this juncture is untimely.

[2] Plaintiffs also do not have any right to removal pursuant to 28 U.S.C. § 1443, which permits removal by a defendant who assert a "law providing for equal civil rights." In re Whatley, 396 F. Supp. at 54. Under § 1443 (1) a party must demonstrate that the right allegedly denied him or her arises under a federal law providing for specific civil rights stated in terms of racial equality and that he or she cannot enforce that specified civil right in state courts. Johnson v. Mississippi, 421 U.S. 213, 219 (1975) (citations omitted). See also McCullough v. Ligon, 430 F. Supp. 2d 846 (E.D. Ark. May 11, 2006); Davis v. Glanton, 921 F. Supp. 1421, 1423 (E. D. Pa.1996) (Section 1443 (1) is rarely used as a basis for removal and is unavailable where assertions are grounded solely in the First and Fourteenth Amendments).

Finally, the Plaintiffs' allegations of violations of federal law by the various defendants do not invoke this Court's subject-matter jurisdiction. Where subject-matter jurisdiction is based on a federal question, see 28 U.S.C. § 1331, a plaintiff's complaint must set forth the federal question. See Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 10 (1983).[3] Here, at best, Plaintiffs' claims involve allegations of medical malpractice, negligence, and/or harassment. Although the words "Federal Statute" appear on the face of the pleading, no federal statute is identified, nor can this Court discern any federal question raised by the allegations contained in the Amended Complaint.

Moreover, there is nothing in the Amended Complaint from which complete diversity can be found; indeed, the list of Defendants attached to the Amended Complaint indicate that most, if not all, of the Defendants likely are Massachusetts citizens for the diversity analysis.

In light of the above, Plaintiffs may not remove the state action to this Court, and this Court lacks subject-matter jurisdiction over this action. Accordingly, this case will be REMANDED forthwith and closed on this Court's docket.[4]

---

[3]There are two exceptions to this "well-pleaded complaint" rule: where adjudication of a state-law claim "necessarily will involve the determination of a 'substantial federal question,'" or where the federal law preempts the state law at issue. Cambridge Literary Properties, Ltd. v. W. Goebel Porzellanfabrik G.m.g.H. & Co. KG., 510 F.3d 77, 93-94 (1st Cir. 2007). Neither of these exceptions appears to apply to the present action.

[4]One other point to be noted here is that Ann Wallis Franklin has been a licensed attorney since 1979. Without deciding the issue, the Court questions whether the Notice of Removal was filed by her in good faith in accordance with Rule 11 of the Federal Rules of Civil Procedure. See 28 U.S.C. § 1446(a) (including a requirement that the Notice of Removal be filed in accordance with Rule 11). The Amended Complaint attached to the Notice of Removal (and considered as part of the Notice of Removal) contains substantial Rule 8 pleading problems. Additionally, the Amended Complaint appears to invoke liability, at least in part, for matters that occurred 35 years ago (presumably beyond the applicable statute of limitations). Further, it appears that Plaintiffs seek criminal prosecution and 10 years incarceration of the Defendants based on purported malpractice claims. Such a request is not cognizable in this Court because private citizens may not institute criminal proceedings, and because this Court lacks jurisdiction


## CONCLUSION

Based on the foregoing, it is hereby Ordered that:

(1)     This action is <u>REMANDED</u> to the Suffolk County Superior Court;

(2)     The Clerk is directed to send a certified copy of the record in this case to the Suffolk Superior Court in accordance with Local Rule 81.1(c), and to enter on a separate document a final judgment as follows: "This case is remanded to the court from which it was removed;" and

(3)     The Clerk shall close this action on the Court's dockets.


SO ORDERED.


                                                            /s/ William G. Young
                                                            WILLIAM G. YOUNG
DATED: October 31, 2012                                     UNITED STATES DISTRICT JUDGE

---

over criminal prosecutions unless brought by the United States Attorney.  <u>See</u> <u>Kennan v. McGrath</u>, 328 F.2d 610, 611 (1st Cir. 1964) (*per curiam*); <u>accord</u> <u>Cok v. Cosentino</u>, 876 F.2d 1, 2 (1st Cir. 1989) (*per curiam*) (stating that only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242); <u>Stone v. Warfield</u>, 184 F.R.D. 553, 555 (D. Md. 1999) (stating that individual citizens have no private right of action to institute federal criminal prosecutions).  Nevertheless, notwithstanding that this Court need not reach the issue of the good faith, counsel is warned that should she attempt to bring a lawsuit in this Court in the future, any Complaint must be filed in good faith under Rule 11, must be comply with Rule 8 (setting forth plausible claims upon which relief may be granted), and must set forth the basis for the Court's subject-matter jurisdiction.  Failure to comply with these requirements could result in the imposition of sanctions.